IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-0565 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT HUNTER'S REQUEST FOR FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(4) NOTICE, AND GRANTING DEFENDANT REDHORSE-STALLWORTH'S RENEWED MOTION FOR SEVERANCE** |
| v. | |
| PRISCILLA HUNTER et. al., | |
| Defendants. | |

On February 29, 2008, the Court heard argument on defendant Hunter's request for Federal Rule of Criminal Procedure 12(b)(4) notice and defendant Redhorse-Stallworth's renewed motion for severance. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendant Hunter's request for 12(b)(4) notice, and GRANTS defendant Redhorse-Stallworth's renewed motion for severance.

**BACKGROUND**

On October 17, 2006, the government filed a superseding indictment against eight members of the Coyote Valley Band of Pomo Indians ("the Tribe"). During the time period covered by the indictment, the defendants – Priscilla Hunter, Iris Martinez, Darlene Crabtree, Michelle Campbell, Michael Hunter, Fred Naredo, and Allan Crabtree – were all officers or members of the tribe's governing body, the Tribal Council. The Coyote Valley Shodokai Casino ("the Casino") is located on

the Tribe's reservation. The Casino is a gaming establishment operated by the Tribe pursuant to an ordinance and resolution approved by the National Indian Gaming Commission ("NIGC"). Defendant Kathy Redhorse-Stallworth was the Chief Financial Officer of the Casino.

The indictment alleged 39 counts charging defendants with conspiracy to steal and misapply tribal and casino funds. On January 22, 2008, this Court dismissed Counts 2-17 related to purchases of first-class airfare, and Counts 18-25 related to making political contributions. The remaining counts are Count 1 which charges defendants Priscilla Hunter, Michelle Campbell, Iris Martinez, and Michael Hunter with conspiring to steal and misapply tribal funds by using credit and debit cards issued to them and paid or funded by the Tribe for personal items; Counts 26 and 27 which charge certain defendants, including Redhorse-Stallworth, with conspiracy to obstruct justice by allegedly altering and destroying Tribal and Casino records; and Counts 28-39 which charge defendants Priscilla Hunter and Michelle Campbell with tax evasion and failure to file income tax returns between 1999 and 2003.

## DISCUSSION

**I.  Request for Rule 12(b)(4) notice**

On August 16, 2007, defendant Priscilla Hunter ("Hunter") filed a request for notice of the Government's intent to use evidence pursuant to Federal Rule of Criminal Procedure 12(b)(4). In response, on December 28, 2007, the Government sent a letter to all counsel indicating that it "expects to use evidence in its case-in-chief obtained pursuant to each of the search warrants." Hunter's Memorandum at 2. The government provided Hunter with detailed investigative reports covering each of the locations searched. Each report explains what occurred during the search, describes each evidence item and the specific location from where it was taken, lists names of law enforcement officers involved in the search, describes the areas searched, and includes copies of property receipts and the search warrant. Hunter argues that the government's response is too general to provide sufficient notice.

The government contends that Hunter has all the information she needs to decide whether or not to file a suppression motion.

Rule 12(b)(4)(B) requires the government, upon request of a defendant, to give notice to the defendant of the government's intent to use certain evidence at trial in its case-in-chief. F. R. Crim. P. 12(b)(4). The rule makes it possible for a defendant "to avoid the necessity of moving to suppress evidence which the government does not intend to use." *Id*. advisory committee's note. However, Rule 12(b)(4) is a "matter of procedure" and therefore differs from discovery rules designed to ensure fairness. *United States v. de la Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995) (referring to Rule 12(d) which became Rule 12(b)(4) after the 2002 amendments). "The rule was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial." *Id*.

Here, the government has indicated it intends to use the evidence which the investigative reports identify in great detail. As an example, the government provided the investigative report pertaining to the search of Hunter's home on May 25, 2004. The report contains a map of the layout of the house with all the rooms labeled, it specifically identifies each piece of evidence and the exact location from which it was taken, it contains a detailed account of the parties involved and the actions that occurred during the search, and includes a copy of the search warrant. The government has stated that the remaining investigative reports describe evidence in similar detail. Redhorse-Stallworth does not dispute this. The Court finds the government's disclosure sufficient for Hunter to determine whether she has grounds for suppression of any of the evidence the government plans to use in its case-in-chief. Accordingly, the Court DENIES Hunter's request for 12(b)(4) notice.

**II.     Renewed motion to sever**

As stated above, on January 22, 2008, this Court dismissed Counts 2-25, related to making political contributions and first-class air travel. The Court also granted defendant Kathy Redhorse-

Stallworth's ("Redhorse-Stallworth") motion to sever as to Counts 28-39. However the Court denied the motion to sever as to the remaining counts because the dismissal of Counts 2-25 addressed many of the concerns raised by Redhorse-Stallworth in her motion, and the Court was not persuaded that she would be prejudiced at trial. On February 20, 2008, the government filed an appeal of the dismissal of Counts 2-25.

On February 22, 2008 Redhorse-Stallworth filed a renewed motion to sever, contending that the government's appeal will cause extensive delay in her case, and if the Ninth Circuit reinstates Counts 2-25, this Court's reasoning for denying severance will be undermined. The government did not oppose the renewed motion to sever.

The Court has discretion to sever a case to avoid prejudice to a defendant. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994). The Court finds that circumstances have changed since it denied in part Redhorse-Stallworth's original motion to sever. The government's appeal of the dismissal of Counts 2-25, which do not concern Redhorse-Stallworth, will likely be lengthy and thereby significantly delay the adjudication of her case. Furthermore, if Counts 2-25 are reinstated, Redhorse-Stallworth will again be in the position of being involved in only a small fraction of the entire case, which will cause further delay. Accordingly, the Court GRANTS Redhorse-Stallworth's renewed motion to sever. *See U.S. v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004); *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001).

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES defendants's request for FRCP 12(b)(4) notice [Docket No. 220] and GRANTS defendant Stallworth's renewed motion to sever [Docket No. 222].

**IT IS SO ORDERED.**

Dated: February 29, 2008

SUSAN ILLSTON
United States District Judge